IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LORETTA GAYLE BALLARD,

           Plaintiff,

v.                                      CIVIL ACTION NO. 5:17-cv-03057

WAL-MART STORES EAST, LP,

           Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Omnibus Motion in Limine and Incorporated Memorandum of Law in Support Thereof* (Document 42),[1] *Defendant Wal-Mart Stores East, LP's Objections to Plaintiff's Omnibus Motions in Limine* (Document 46), *Defendant Wal-Mart Stores East, LP's Motion in Limine to Exclude Evidence of Spoliation* (Document 83), and the *Plaintiff's Response to Defendant Wal-Mart Stores East, LP's Motion in Limine to Exclude Evidence of Spoliation* (Document 88). The Court has also reviewed the *Plaintiff's Motion for Sanctions Based on Recent Evidence of Spoliation of Evidence* (Document 98), the *Memorandum in Support of Motion for Sanctions Based on Recent Evidence of Spoliation of Evidence* (Document 99), and *Defendant Wal-Mart Stores, East, LP's Response in Opposition to Plaintiff's Motion for Sanctions Based on Recent Evidence of Spoliation of Evidence* (Document 101). For the reasons stated

---

[1] This opinion addresses only the issue of spoliation. The remaining motions contained within the omnibus motion will be addressed on the record during the Pretrial Conference.

herein, the Court finds that the Plaintiff's motion for sanctions should be granted in part and denied in part.

**FACTS**

This litigation involves the Plaintiff, Loretta Gayle Ballard's allegations of a slip and fall accident at a Wal-Mart store in Beckley, West Virginia. Ms. Ballard alleges that she suffered serious injury to her shoulder when she slipped in liquid and fell while shopping at Wal-Mart on June 6, 2016. Immediately after Ms. Ballard's fall, Wal-Mart initiated an investigation. An Asset Protection Manager, Glenni Snodgrass, immediately began an investigation of the accident. She took photographs of the area where Ms. Ballard fell, including liquid on the floor, and completed a Customer Incident Report with Ms. Ballard. Ms. Ballard informed her that she would seek medical attention for her shoulder. Ms. Snodgrass reviewed surveillance footage to try to track Ms. Ballard throughout her time in the store to see if she was distracted, moving carelessly, carrying a drink, or otherwise behaving in a way that might indicate she was responsible for the accident. Ms. Snodgrass does not recall any specifics of the tracking review of Ms. Ballard's time in the store but did take a few still images from the surveillance footage. Ms. Snodgrass also reviewed video of the area of the fall.

Prints of the digital photographs taken by Ms. Snodgrass were included in an accident file, but the memory card was eventually left in a desk drawer, to the best of Ms. Snodgrass's recollection, and has not been located.[2] Ms. Ballard notified Wal-Mart that she was represented by counsel in relation to the accident on July 25, 2016. The Plaintiff was provided with the surveillance video of the fall area, including video of her fall, as well as poor quality photocopies

---

2 Ms. Snodgrass subsequently testified that she took the photos on her cell phone and deleted them after she had printed the photos at a store kiosk.

of the photo prints taken by Ms. Snodgrass during the initial discovery phases. Wal-Mart discovered better-quality photo prints in July 2018 and provided prints of those photos to the Plaintiff on September 19, 2018, after the close of discovery.[3] Wal-Mart did not preserve the surveillance footage of Ms. Ballard's time in the store. At some point prior to July 2018, the Wal-Mart store where Ms. Ballard fell "had undergone an upgrade to its surveillance system and…additional post-fall surveillance video was not recoverable, nor were the stills taken from the surveillance video." (Document 101 at 5.)

## APPLICABLE LAW

According to the Fourth Circuit, "[s]poliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Spoliation of evidence may result in sanction under Rule 37 of the Federal Rules of Civil Procedure or pursuant to "a court's inherent power to control the judicial process and litigation." *Id*. "Generally, conduct that occurred prior to commencement of the litigation is addressed through the court's inherent authority." *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 511 (S.D.W. Va. 2014) (Eifert, M.J.).

A court must first determine when the duty to preserve evidence was triggered, and what evidence should have been preserved. "The duty to preserve material evidence arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." *Silvestri*, 271 F.3d at 591.

---

[3] Wal-Mart's counsel takes responsibility for the 70-day delay in providing the better-quality photo prints to Plaintiff's counsel. As the Defendant's counsel is the Defendant's agent for purposes of this motion, the distinction between a mistake by Wal-Mart and a mistake by Wal-Mart's counsel has little bearing on the Court's analysis.

Proper analysis of the question of what evidence must be preserved "requires the Court to determine reasonableness under the circumstances." *In re Ethicon*, 299 F.R.D. at 518 (citing and quoting *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 522 (D. Md. 2010)).

If a party fails to preserve relevant evidence after it reasonably should have anticipated litigation, a court may impose sanctions. "The court has broad discretion when selecting a sanction for spoliation, however, 'the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine.'" *Travelers Prop. Cas. Co. of Am. v. Mountaineer Gas Co.*, No. 2:15-CV-07959, 2018 WL 1370862, at *5 (S.D.W. Va. Mar. 16, 2018) (Goodwin, J.) (quoting *Silvestri*, 271 F.3d at 590. The Fourth Circuit requires a showing of culpability, but ordinary negligence is sufficient to impose sanctions where appropriate. *In re Ethicon*, 299 F.R.D. at 519. The sanction should be tailored to address the prejudice suffered as a result of the spoliation. *Silvestri*, 271, F.3d at 593 (explaining that dismissal may be necessary to cure the prejudice, even absent clear bad faith, where the spoliation would deny the defendant the ability to defend the case).

## DISCUSSION

As an initial matter, Wal-Mart's response to the Plaintiff's initial request for spoliation sanctions in a motion in limine requests a hearing, pursuant to West Virginia precedent. "Spoliation is a rule of evidence, and the decision to impose sanctions for violations is one administered at the discretion of the trial court and governed by federal law. *Turner v. United States*, 736 F.3d 274, 281 (4th Cir. 2013) (internal quotation marks and references omitted). Thus, the state precedent requiring a hearing is not applicable, and the Court finds a hearing unnecessary in light of the parties' detailed briefing.

For ease of analysis, the Court will divide the issues in this case to separately address the late disclosed photographs and the unavailable digital photographs and video surveillance.

*A. Late-Disclosed Photographs*

The Plaintiff contends that the disclosure of the clearer versions of the photographs after the close of discovery hampered her ability to depose fact witnesses who may have had knowledge of hazardous conditions of the floor and/or to retain a premises liability expert to provide testimony about the spill, the substance on the floor, the condition of the floor, and industry standards. The Defendant argues that the Plaintiff did not request better quality photographs until July 2018, and that the scanned copies of the photos adequately show liquid on the floor. It contends that there was no bad faith and no prejudice.

The Court finds that disclosing poor quality scans or photocopies of photographs, rather than the substantially better-quality photo prints, was not justifiable. Wal-Mart appears to argue that it did not find the better-quality prints until July 2018 because the Plaintiff did not specifically request better-quality versions of the photos until that time. Wal-Mart, however, had an obligation to preserve and disclose relevant evidence. The Court further notes that the Plaintiff questioned Ms. Snodgrass about the availability of the original digital photographs well before July 2018.

Because the photographs were ultimately provided to the Plaintiff, the Court finds that the prejudice asserted by the Plaintiff can be cured without the type of sanctions typically imposed in response to spoliation. The Court recognizes that the Plaintiff has stated a preference for going forward with trial as scheduled, rather than taking additional time to re-open discovery. Given the preference for resolution on the merits, however, additional time to permit the Plaintiff to take

5

new depositions, re-depose certain witnesses, and/or retain an expert is a more appropriate cure, should the Plaintiff wish to do so. The Court further finds that the Defendant's unjustifiable delay warrants requiring it to bear the costs of such additional discovery, should the Plaintiff choose to undertake it, as well as the Plaintiff's attorney fees and costs associated with briefing the spoliation issue. This sanction adequately addresses the alleged prejudice suffered by the Plaintiff with regard to these photos.

### B. *Unavailable Evidence*

The Plaintiff contends that Wal-Mart failed to preserve surveillance video footage of her in Wal-Mart before and after her fall. She further contends that Wal-Mart failed to preserve the digital files of the photographs taken immediately after her fall—including both digital versions of the late-disclosed photographs discussed above, and additional photographs of the fall area that she believes the surveillance video shows Ms. Snodgrass taking. The Plaintiff argues that the additional photographs of the fall location would be helpful in demonstrating the hazardous condition of the floor. She suggests that the slippery floor may have been caused by liquid and potting soil from the plant area, information that would be important to demonstrate Wal-Mart's responsibility for maintaining the area. The surveillance video from other areas of the store, she argues, would be useful in supporting her claims, negating Wal-Mart's defenses, and demonstrating to a jury that she was acting as a reasonable shopper and was not responsible for her fall. She further points out that Wal-Mart had sole custody and control of the evidence. Thus, she contends that she would be prejudiced and is entitled to sanctions, including the striking of defenses, leave to introduce spoliation evidence, a negative inference instruction, exclusion of

Defense testimony related to the source of the spill, and an award of the costs and expenses incurred in bringing this motion.

The Defendant argues that it retained footage of the fall in accordance with its own policies but had no duty to preserve the other surveillance footage. It contends that its duty to preserve began when it received the letter from the Plaintiff's counsel on or about July 25, 2016. It further argues that the evidence it did disclose, including footage of the fall area, photographs of the fall area, and still photographs extracted from surveillance footage of Ms. Ballard, is sufficient to render the additional evidence irrelevant and/or duplicative. In addition, the Defendant contends that it had no duty to preserve both physical prints or copies of the photographs Ms. Snodgrass took of the fall area *and* the original digital versions of those photographs. It notes that Wal-Mart policy did not require employees to retain either native versions of the photographs taken in connection with an accident investigation or all surveillance video of the store visit during which a customer was involved in an accident. Thus, this information no longer existed[4] by the time Wal-Mart contends its duty to preserve evidence was triggered.

The Court strongly disagrees with Wal-Mart's position that it had no duty to preserve the evidence it reviewed or created in order to investigate an accident until it received the letter notifying it that the Plaintiff was represented by counsel. It conducted an investigation into the accident because it anticipated a claim or litigation, and the materials created or reviewed in the course of that investigation consisted of evidence it believed might be relevant. To permit Wal-Mart to conduct such an investigation but choose which evidence to retain would interfere with

---

4 It is not clear from the record exactly when or how the evidence sought by the Plaintiff was destroyed. As noted, Wal-Mart states that the surveillance video could not be recovered because of a change in the surveillance system, but does not state when that change occurred. Likewise, it is not clear when the digital version of the photographs was deleted or destroyed.

the functioning of the judicial process. This is not a products liability case in which a vendor has no warning that a customer may bring a suit about a purchased item months or years later. This matter is specifically related to evidence gathered during Wal-Mart's investigation of an accident under circumstances where it could reasonably anticipate litigation. Therefore, the Court finds that Wal-Mart had a duty to preserve the evidence related to that investigation, including all photographs and surveillance video. It conceded that it acted in accordance with company policy in failing to preserve that evidence, demonstrating that it acted willfully.

The Court further finds that the Plaintiff is prejudiced by the failure to preserve the digital photographs and the video surveillance. While the newly-disclosed print photographs might be an adequate substitute for the digital versions of the photographs, it is not at all clear that Wal-Mart retained *all* the photographs taken by Ms. Snodgrass. Retaining the original digital photographs or memory card would serve to better ensure that all available photographs are available to the discovery process. Ms. Ballard contends that the surveillance video suggests additional photographs were taken but not preserved. Additional photographs of the fall location might show additional details that would be helpful in either advancing the Plaintiff's theories of liability or countering the Defendant's theories in defense. The video surveillance of Ms. Ballard shopping before her fall and exiting the store after her fall would likewise be useful to Ms. Ballard in countering possible defense theories and in telling a complete story to the jury. Even if the Defendant does not argue certain theories, the Plaintiff bears the burden of proof, and the loss of favorable evidence is therefore particularly damaging for a plaintiff.

Accordingly, the Court finds that Ms. Ballard has demonstrated that she is prejudiced by Wal-Mart's failure to properly preserve evidence. However, the Court finds that the

circumstances do not warrant striking defenses, given the type of evidence involved and the significant evidence related to the fall and the condition of the floor that was disclosed. The Court finds that the spoliation may be remedied by permitting the Plaintiff to present evidence of the spoliation to the jury. The Plaintiff will be permitted to present evidence regarding Wal-Mart's destruction of evidence and discovery misconduct to explain the lack of that evidence to the jury. The Court will consider whether a negative inference instruction is appropriate upon hearing the evidence during the course of trial.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Sanctions Based on Recent Evidence of Spoliation of Evidence* (Document 98) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **ORDERS** that the Plaintiff be permitted to re-open discovery, as discussed above, but **DENIES** the motion to the extent the Plaintiff seeks additional sanctions related to the late-disclosed photographs. The Court further **ORDERS** that the motion be **GRANTED** to the extent the Plaintiff seeks to introduce evidence of spoliation and discovery abuses during trial, **HELD IN ABEYANCE** as to the request for a negative inference instruction, and **DENIED** as to additional sanctions.

The Court **ORDERS** that the *Plaintiff's Omnibus Motion in Limine and Incorporated Memorandum of Law in Support Thereof* (Document 42), with respect to spoliation, and *Defendant Wal-Mart Stores East, LP's Motion in Limine to Exclude Evidence of Spoliation* (Document 83) be **TERMINATED AS MOOT**, as the resolution of the Plaintiff's motion for sanctions resolves the issues set forth therein. The Court further **ORDERS** that the Plaintiff be **GRANTED** an award of attorney fees and costs associated with bringing the motion for sanctions, the motion in

9

limine with respect to sanctions, and responding to the Defendant's motion in limine related to sanctions. The Court **ORDERS** that the Plaintiff submit a motion documenting the associated fees no later than **November 9, 2018**. Finally, the Court **ORDERS** the Plaintiff to notify the Court no later than **Tuesday, October 16, 2018, at 12:00 noon**, as to whether it wishes to re-open discovery and extend the scheduling order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 15, 2018

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA