# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| **LORETTA GAYLE BALLARD,** | ) |
| | ) |
| **Plaintiff,** | ) 5:17-CV-03057 |
| | ) |
| vs. | ) |
| | ) |
| **WAL-MART STORES EAST, LP,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

On October 15, 2018 the undersigned held an informal telephone conference concerning ***Plaintiff's Motion to Compel Wal-Mart Stores East LP to Answer Deposition Questions Concerning the Names and Location of OSI Witnesses and Consolidated Memorandum of Law***, filed on October 11, 2018.[1] (ECF No. 107) Participating on behalf of the Plaintiff were Rodney Smith, Esq. and Robert Lorea, Esq., and on behalf of the Defendant, Heather Noel, Esq. The Court announced to counsel from the outset that Plaintiff's ***Motion*** is **GRANTED** for the reasons stated *infra*:

### Background

After sustaining injuries due to a slip in fall at Defendant's store, Plaintiff instituted this action against Defendant alleging it was negligent by failing to maintain its premises were free from dangerous conditions. In the matter immediately before the Court, Plaintiff seeks the identities of two customers who also suffered two separate slip and falls at the same store on June 1, 2016 and the other on June 6, 2016; these events were explicitly noticed for the deposition of

---

[1] On October 14, 2018, Defendant has filed its Response (ECF No. 113), to which Plaintiff submitted her Reply to the undersigned via email the following day. Accordingly, this matter has been fully briefed and ready for decision.

Defendant's designated corporate representative. Plaintiff asserts that Defendant did not obtain a protective order to excuse it from disclosing the witnesses suffering other falls in the subject store.

Defendant responds that Plaintiff's motion is untimely: responsive and redacted documents were disclosed to Plaintiff's request no later than August 12, 2018 and therefore Plaintiff should have filed the motion no later than September 12, 2018. Defendant states that the parties discussed this matter, however, Defendant maintains that it would not disclose unredacted documents concerning other customers to protect their privacy. Defendant argues the information sought by Plaintiff is irrelevant and inadmissible.

**Relevant Law**

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required, on motion or on its own, to limit the frequency and extent of discovery, when:

(1) the discovery sought is unreasonably cumulative or duplicative;

(2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(3) the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless

of the individual to whom a request is made." Cook v. Howard, 484 Fed.Appx. 802, 812 (4th Cir. 2012).

This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010)).

"When a litigant seeks personal and/or personnel information concerning nonlitigant employees or former employees from the litigant's former employer, production of the requested information may invade the nonlitigant employees' or former employees' right to privacy." State ex rel. Westbrook Health Servs. v. Hill, 209 W. Va. 668, 647, 550 S.E.2d 646, 652 (2001). To insure that discovery is sufficient, yet reasonable, district courts have "substantial latitude to fashion protective orders." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984).

In Paull Associates Realty, LLC v. Lexington Insurance Company, 2014 WL 12596397, at *4 (N.D. W.Va. Jan. 9, 2014), the court endorsed situations where a plaintiff "has a 'colorable basis' for suspecting that Defendant is withholding responsive materials." The court ordered the defendant therein to re-answer certain requests for production, because the defendant previously classified certain responses as confidential, yet produced discovery that was "non-objectionable" notwithstanding the objection.

"[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.' " In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D. W.Va. Aug. 17, 2016) (M. J. Eifert) (quoting Amick v. Ohio Power Co., No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D. W.Va. Dec. 18, 2013)).

3

**Discussion**

This is not the first time the parties have been before the Court due to a dispute over discovery matters where Defendant maintained its position that it would not disclose certain information as being irrelevant and inadmissible, notwithstanding the Court's reminder that discovery rules are broader than those pertaining to admissibility. The undersigned also previously addressed Defendant's objections to Plaintiff's previously filed notice of Rule 30(b)(6) deposition (ECF No. 67) which were resolved by the parties during an in chambers conference. (ECF No. 70) As a result, Plaintiff filed an Amended Notice of Videotaped Rule 30(b)(6) Deposition (ECF No. 69) and subsequently a Second Amended Notice for October 5, 2018. (ECF No. 100)

Obviously, the purpose for the deposition of Defendant's designated corporate representative was to obtain the disclosures sought in this ***Motion*** as well as supporting testimony for same. It is clear from the relevant portion of the transcript (ECF No. 107-1) that Plaintiff's attempt to obtain this discoverable information failed to bear fruit as Defendant refused to permit this testimony due to its objection to revealing the identities of other slip and fall witnesses, however, the designated corporate representative also testified that she knew nothing about the June 1, 2016 fall. Accordingly, the undersigned **FINDS** that Plaintiff's ***Motion*** is timely.

Given the pertinent law and the latitude afforded to litigants in obtaining discovery, the undersigned **FINDS** that Plaintiff's request for the identities of the other slip and fall witnesses identified in her ***Motion*** is relevant and proportional to the needs of this case. Defendant may raise the issue concerning the admissibility at trial to the District Court Judge, however, Defendant has demonstrated nothing that would substantiate or support its objections to disclosure of this discoverable information to Plaintiff. Accordingly, Plaintiff's ***Motion*** is **GRANTED**: Defendant shall disclose to Plaintiff the names and locations of OSI witnesses, which includes their addresses,

phone numbers, the location and nature of the fall hazards for those individuals in Defendant's store occurring on June 1, 2016 and June 6, 2016. Defendant is further **ORDERED** to disclose this information to Plaintiff no later than **4:00 p.m. on Tuesday, October 16, 2018**.[2]

### Rule 37 Implications

It is disturbing that Plaintiff's 30(b)(6) deposition of Defendant's designated corporate representative was prevented from testifying about the redacted contents in the documents produced during discovery. Defendant's insistence that the privacy concerns of its customers and employees as the reasons to avoid disclosure when a simple protective order would ensure these confidences, violates the basic notions of civility and fair play, which unfortunately, caused Plaintiff to schedule a deposition that was no more informative than the redacted documents already disclosed.

As stated *supra*, the undersigned has had similar, if not identical, discussions with Defendant concerning discoverable versus admissible information. Having reviewed the Memorandum Opinion and Order entered by Judge Irene C. Berger on October 15, 2018 (ECF No. 117), it further appears that Defendant's conduct during discovery belies any representation of good faith, therefore perpetuating a discovery dispute that ultimately necessitated Court intervention. Such conduct must be discouraged in order to avoid the waste of valuable and limited judicial resources.

Therefore, pursuant to Rule 37, Plaintiff is invited to file the appropriate motion for sanctions outlining the reasons sanctions are appropriate in this matter and including the time it took prosecute the ***Motion to Compel***. Defendant shall be allowed to file an appropriate pleading

---

[2] If Plaintiff decides to re-open discovery and extend the scheduling order as suggested in Judge Berger's Memorandum Opinion and Order (ECF No. 117 at 10), then the extended deadlines shall conform with the amended scheduling order.

setting forth why this Court should not issue sanctions and any other objections to the accounting of time filed by Plaintiff.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Berger. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is further requested to send a copy of this Order to counsel of record.

ENTER: October 16, 2018.

Omar J. Aboulhosn
United States Magistrate Judge