# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

LORETTA GAYLE BALLARD,

        Plaintiff,

v.                                        CIVIL ACTION NO. 5:17-cv-03057

WAL-MART STORES EAST, LP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion for Leave to Amend Complaint to Add Claim for Punitive Damages* (Document 105), the attached *First Amended Complaint* (Document 105-1), the *Memorandum in Support of Motion for Leave to Amend Complaint to Add Claim for Punitive Damages* (Document 106), *Defendant Wal-Mart Stores East, LP's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add Claim for Punitive Damages* (Document 119), and the *Plaintiff's Reply to Defendant Wal-Mart Stores East, LP's Response in Opposition to Plaintiff's Motion for Leave to Amend Complaint and Add Claim for Punitive Damages* (Document 125).

The Plaintiff seeks leave to amend her complaint to add a claim for punitive damages based on information learned during a Rule 30(b)(6) deposition of Wal-Mart's corporate representative, which took place on October 6, 2018. She seeks to base her claim of punitive damages on evidence that Wal-Mart does not conduct adequate safety sweeps, does not investigate the root cause of accidents (including a slip-and-fall that occurred five days prior to the Plaintiff's fall),

keeps hanging plants that may drip water in a high-traffic area, and does not adequately enforce its safety policies. She asserts that the evidence supports a finding of conscious, reckless, and outrageous indifference to the health, safety, and welfare of others.

Wal-Mart urges the Court to deny the motion to amend, arguing that the Plaintiff has not set forth good cause for amending the complaint after the deadline for such amendments. It further argues that it would be prejudiced by permitting the amendment only days before the trial. Wal-Mart further argues that the amendment would be futile because the evidence does not support punitive damages under West Virginia law.

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages Courts to freely grant motions for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004). However, when a party seeks to amend its pleadings after the deadline for amendment set forth in a scheduling order has passed, "the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (affirming a district court's denial of a motion to amend based on lack of good cause under Rule 16(b)).

The Court finds that the motion to amend should be granted. The Plaintiff filed the motion to amend within days of the Rule 30(b)(6) deposition that conveyed the information she seeks to

use as the factual basis of her proposed amendment.[1] The Plaintiff sought the information beginning in May 2018, and there is no evidence of undue delay or a lack of diligence on the part of the Plaintiff. Further, Wal-Mart was largely responsible for the delay in providing the requested information, as it declined to turn over documents until a protective order was resolved.

Although a punitive damages claim may have a significant impact on a case, the Court finds that the type and extent of additional evidence to be presented at trial is relatively limited. Wal-Mart has had access to the information throughout this case. Thus, despite the limited time before trial, granting the motion will not unduly prejudice the Defendant.

Finally, the Court finds that the proposed amendment is not futile. West Virginia law permits punitive damages only "if a plaintiff establishes by clear and convincing evidence that the damages suffered were the result of the conduct that was carried out by the defendant with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code § 55-7-29(a). The Plaintiff asserts that Wal-Mart acted with conscious, reckless, and outrageous indifference to the health, safety, and welfare of others by failing to enforce safety policies, placing plants in a high-traffic area despite knowing that they drip water on the floor, and failing to address safety issues revealed by accidents. The Court finds that the facts alleged in the proposed amended complaint are sufficient to state a claim for punitive damages.

Wal-Mart requests that, should the Court grant the motion, the Court bifurcate trial. The Court will make this determination toward the close of the Plaintiff's case and will either bifurcate

---

1 The Defendant argues that it provided the Plaintiff with documents reflecting Wal-Mart's safety-related policies and procedures in July. However, the factual basis of the claim for punitive damages rests substantially on the testimony of the Rule 30(b)(6) witness.

the issue of punitive damages or allow evidence of punitive damages immediately prior to the close of the Plaintiff's case. Following the presentation of all evidence, the Court will determine whether to instruct the jury relative to punitive damages.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for Leave to Amend Complaint to Add Claim for Punitive Damages* (Document 105) be **GRANTED** and the attached *First Amended Complaint* (Document 105-1) be **FILED** as a separate docket entry.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

        ENTER:     October 16, 2018

*[Signature]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA